<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MINDLANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANDRA DEVINNEY, <br><br> Defendant. | **Civil Action No. 14-00098 (SRC)** <br><br> **OPINION** |

**CHESLER**, <u>District Judge</u>

This matter is before the Court upon the motion to dismiss filed by Defendant Sandra DeVinney ("DeVinney"), pursuant to Federal Rule of Civil Procedure 12(b)(6). [Docket Entry 18.] Plaintiff Mindlance, Inc. ("Mindlance") has opposed the motion. [Docket Entries 29 & 30.] The Court has considered the parties' submissions, and will rule on the motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the foregoing reasons, the Court will grant the motion and dismiss the Complaint without prejudice.

**I.     Background**

This lawsuit arises out of DeVinney's resignation from her employment with Mindlance, a consulting company headquartered in Hoboken, New Jersey. At bottom, the Complaint seeks to enjoin DeVinney from violating two agreements she signed at the onset of her employment. (See Compl. ¶ 28.)

**A.     Procedural History**

This lawsuit is a second go round for these parties, albeit with their roles now reversed. DeVinney previously filed suit in this Court against Mindlance and its president, in an action

docketed at Civil No. 13-05266 (SRC). That lawsuit sought relief for Mindlance's alleged failure to pay DeVinney certain compensation, and asserted various causes of action, including breach of contract. The suit was terminated in December 2013 after DeVinney accepted a Rule 68 Offer of Judgment in satisfaction of her claims. [See No. 13-cv-05266 (SRC), Docket Entry 47, at 1.]

Shortly thereafter, Mindlance filed this lawsuit the Superior Court of New Jersey, Hudson County. The instant Complaint, while not the epitome of clear pleading, appears to assert claims for (1) a preliminary injunction to enforce certain employment agreements and prevent DeVinney from breaching those agreements; (2) "damages for [Plaintiff's] attorney fees [sic] and expenses"; and (3) unjust enrichment. (See Compl. ¶¶ 6-7.) The parties being completely diverse, Defendant removed to this Court on January 7, 2014.[1]

DeVinney then filed the instant motion to dismiss. The Court understands DeVinney to make three arguments in support of her motion: (1) res judicata (claim preclusion) bars Mindlance's second claim, which DeVinney characterizes as one for declaratory judgment (see Mov. Br. at 11); (2) the entire lawsuit is barred pursuant to Federal Rule of Civil Procedure 13(a) because the Complaint alleges claims which were compulsory counterclaims in the earlier action (Mov. Br. at 15); and (3) the Complaint fails to state a claim upon which relief can be granted (see Mov. Br. at 13, 21). DeVinney also argues that her motion to dismiss should be converted to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(a) because she "is asking this Court to consider matters outside of the pleadings" in connection with the motion. (See Mov. Br. at 2.)

---

[1] This Court therefore exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

B.      **Allegations in the Complaint**

Relevant to this motion, the Complaint alleges that DeVinney executed two agreements with Mindlance, the Fair Competition Agreement ("FCA") and the Mindlance Confidentiality Agrement ("MCA").  The FCA appears to be a standard non-compete agreement, and generally speaking prevents DeVinney from stealing Mindlance's clients and taking them to a competitor for a one-year period after her employment terminates.  The MCA prohibits DeVinney from using Mindlance's "confidential information" "for [her] own use, or for anyone else's use, except as" Mindlance directs.  (Compl. at ¶ 10.)

The Complaint also describes DeVinney's misuse of a previous employer's confidential information, which is depicted as a "'road map' that could be used to destroy her prior employer's business."  (Id. at ¶ 13.)  Broadly, the Complaint alleges that DeVinney stole this "road map" from her previous employer and offered it to Mindlance "under the mistaken belief" that it would advance her career there.  (Id. at ¶¶ 12-13.)[2]  Based on this prior conduct, Mindlance avers that it is now afraid DeVinney might do the same thing to it, in violation of the FCA and MCA.  To this end, the Complaint describes a hypothetical exit interview, which "will be had [sic] at Mindlance's corporate offices . . . ."  (Id. at ¶ 24.)  During this hypothetical interview, DeVinney will "refuse to sign" certain documents "because she has already violated, or in the future intends to violate, the terms of the" FCA and MCA.  (Id. ¶ at 26-27.)

Based upon these facts, Mindlance asserts that it "will suffer imminent and irreparable harm if" DeVinney in fact does to Mindlance what she did to her previous employer – solicit Mindlance clients and employees for "her new employer or herself" and divulge Mindlance's confidential information.  (Id. ¶ 28.)

---

[2] Though it must have been tempting, Mindlance allegedly "never used the DeVinney Stolen Confidential Information."  (Compl. ¶ 16.)

**II.     Discussion**

    **A.     Legal Standard**

A complaint will survive a motion under Rule 12(b)(6) only if it states "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).  Following Iqbal and Twombly, the Third Circuit has held that to prevent dismissal of a claim the complaint must show, through the facts alleged, that the plaintiff is entitled to relief.  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).  In other words, the facts alleged "must be enough to raise a right to relief above the speculative level . . . .'" Eid v. Thompson, 740 F.3d 118, 122 (3d Cir. 2014) (quoting Twombly, 550 U.S. at 555). While the Court must construe the complaint in the light most favorable to the plaintiff, it need not accept a "legal conclusion couched as factual allegation." Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007); Fowler, 578 F.3d at 210-11; see also Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." Iqbal, 556 U.S. at 678.

    **B.     Analysis**

Initially, the Court will reject DeVinney's request to convert her motion to dismiss to one for summary judgment.  Federal Rule of Civil Procedure 12(d) provides: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the

4

court, the motion must be treated as one for summary judgment," and all parties must be given the chance to present other relevant materials. But DeVinney's argument instead posits that the Court should treat the instant motion as one for summary judgment solely because DeVinney "is asking this Court to consider matters outside the pleadings . . . ." (Mov. Br. at 2.) This contention reads the "excluded by the court" language out of Rule 12(d), and would give defendants unilateral control over when and how to convert a motion to dismiss to one for summary judgment. Rule 12(d), which explicitly relies upon the judicial discretion to exclude inappropriate material, is not so easily manipulated, and if DeVinney wanted to move for summary judgment she was free to do so.

As it stands, the only documents the Court needs to decide the present motion are the instant Complaint, DeVinney's Complaint from her earlier lawsuit before this Court, and the final judgment from that case. The latter documents are indisputably authentic court records explicitly referenced in the Complaint, and are thus readily cognizable at this stage. See City of Pittsburgh v. West Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) ("When deciding a motion to dismiss, it is the usual practice for a court to consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record."); Johnson v. City of New York, 347 F. App'x 850, 851 (3d Cir. 2009) (affirming dismissal on *res judicata* grounds and noting "a *res judicata* defense may be raised in a motion to dismiss when the defense is apparent on a review of court records of which a court can take notice" (citing Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992))). All other matters submitted by the parties are unnecessary to

the disposition of this motion.  The conditions set forth in Rule 12(d) having not been triggered here, DeVinney's request to convert this motion to one for summary judgment is denied.[3]

The Court will next turn to DeVinney's arguments that this lawsuit is barred by *res judicata* (claim preclusion) and Rule 13(a).  Regarding the former, the New Jersey Supreme Court and the Third Circuit both apply "the same three basic elements" to decide questions of claim preclusion.  Watkins v. Resorts Int'l Hotel & Casino, 591 A.2d 592, 599 (N.J. 1991).  "For claim preclusion to apply, there must have been '[1] a final judgment on the merits in [2] a prior suit involving the same parties or their privities, and [3] a subsequent suit based on the same cause of action.'"  Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 172 (3d Cir. 2004) (quoting General Elec. Co. v. Deutz Ag, 270 F.3d 144, 158 (3d Cir. 2001)).  In short, *res judicata* is properly invoked to bar a plaintiff from pursuing any claims that would fall within the purview of her previously filed lawsuit.  See Watkins, 591 A.2d at 413 ("If, under various [causes of action], a litigant seeks to remedy a single wrong, then that litigant should present all [causes of action] in the first" lawsuit.).[4]

---

[3] Of course, had the Court determined that issues raised in this motion could not be determined under Rule 12(b)(6)'s strictures, conversion pursuant to Rule 12(d) would not have been the only avenue available.  A district court is free to deny a motion to dismiss without prejudice where the defenses raised therein are not "apparent on the face of the complaint."  See Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

[4] As DeVinney's moving papers acknowledge, *res judicata* is an affirmative defense that is generally pleaded in the Answer and provided as a basis for summary judgment.  (See Mov. Br. at 6-7.)  The only time a Rule 12(b)(6) motion may be made on *res judicata* grounds is when the bar is "apparent on the face of the complaint."  Rycoline Prods., 109 F.3d at 886.  The Court notes that DeVinney's request to convert her motion to one for summary judgment may have been motivated by the desire to raise a *res judicata* defense at an earlier point than she believed was appropriate under the Rules.  As previously stated, however, nothing in Rule 56 prevents a litigant from moving for summary judgment at a case's nascent stages, if the party believes the record supports judgment as a matter of law.  See Fed. R. Civ. P. 56(b) ("a party may file a motion for summary judgment at any time until 30 days after the close of all discovery").

But this is not the argument DeVinney makes.  Rather, DeVinney asserts that the Complaint "seeks . . . a declaration that the Employment Agreement is enforceable," and because DeVinney's previous lawsuit against Mindlance sought a declaratory judgment as to that same document, this Court's "entry of judgment [in that lawsuit] conclusively established that the Employment Agreement is unenforceable."  (Mov. Br. at 11-12.)  Stated differently, DeVinney argues that the issue of the Employment Agreement's enforceability was already decided in the earlier lawsuit, and thus cannot be relitigated here.  This argument, far from sounding in *res judicata*, instead implicates principles of issue preclusion, or collateral estoppel.  See First Union Nat. Bank v. Penn Salem Marina, Inc., 921 A.2d 417, 423 (N.J. 2007) ("If an issue between the parties was fairly litigated and determined, it should not be relitigated.").  Properly characterized as such, the argument must fail – the Rule 68 offer terminated DeVinney's lawsuit before any issues in that case were actually litigated.  See id. at 424 (requiring "the issue to be precluded" to have been "actually litigated in the prior proceeding").

Moreover, DeVinney's mislabeled issue preclusion argument is premised upon a misreading of the Complaint.  DeVinney states that "Mindlance . . . seeks, among other remedies, a declaration that the Employment Agreement is enforceable."  (Mov. Br. at 11.)  But contrary to DeVinney's interpretation, there are no facts pleaded in this case to indicate Mindlance is seeking a declaration as to the enforceability of that agreement.  Rather, the Court understands the Complaint to mean what it says – that Mindlance wants a preliminary injunction "enforcing the terms of the" the FCA and MCA, damages to pay its attorneys' fees, and a "disgorgement of bonuses paid to DeVinney" to remedy her unjust enrichment.  (See Compl. at 5-7.)  Nowhere in the Complaint is a declaration ever mentioned (or hinted at), and the

Complaint does not invoke jurisdiction pursuant to the New Jersey's Declaratory Judgment Act, N.J. Stat. Ann. § 2A:16-52, or its federal equivalent, 28 U.S.C. § 2201. Thus, insofar as DeVinney seeks some form of preclusion here because her lawsuit against Mindlance raised "a cause of action for declaratory judgment" (see Mov. Br. at 11), her contention is belied by the Complaint filed in this case. The Court will not invoke any preclusion doctrine to bar Mindlance's claims.

DeVinney's compulsory counterclaim argument is equally meritless. "Federal Rule of Civil Procedure 13(a) requires a party to assert as a counterclaim any cause of action that is available against the opposing party that 'arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim.'" M.R. v. Ridley School Dist., 744 F.3d 112, 121 (3d Cir. 2014). DeVinney's core contention is that "the claims raised in [this lawsuit] involve the same factual issues, the same factual and legal issues [sic], and/or are offshoots of the same basic controversy" as the previous dispute. (Mov. Br. at 20.) And this may be. But DeVinney's argument misses the point.

The Complaint in this case seeks to enjoin a prospective breach of certain of DeVinney's employment agreements, collect the attorney's fee incurred by enforcing those agreements, and claw back any monies that DeVinney would not be entitled to after she breached those contracts. (See Compl. at 6-7.) In other words, here Mindlance pursues legal remedies based on a breach of contract that has not yet occurred. As such, these claims were not available to Mindlance in its previous suit, where there were no indications that DeVinney had violated or intended to violate any terms of the agreements sued upon here. By the very language of Rule 13 itself, the claims could not have been compulsory in the earlier action, because at that juncture Mindlance

did not yet have them.  See Fed. R. Civ. P. 13(a)(1) ("A pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party").  Rule 13 is unhelpful to DeVinney here.

The Court next addresses DeVinney's argument that the Complaint fails to state a plausible claim for relief.  Here DeVinney finally finds traction.  The first claim, which seeks injunctive relief for DeVinney's alleged breach of contract, must be dismissed.  As DeVinney highlights, the Complaint simply pleads no facts that support any claim for breach of contract – even an anticipatory breach.  (Mov. Br. at 21.)  The Complaint is otherwise devoid of facts sufficient to satisfy the mandatory four-factor injunction inquiry.  Indeed, nothing in the Complaint indicates the "clear showing of *immediate* irreparable harm" necessary to sustain an injunction.  Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (alteration in original) (quoting Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989)).  All the Complaint alleges is that DeVinney violated a previous employer's confidentiality agreement while employed by Mindlance; based on this disclosure, the Complaint asserts that irreparable harm might occur if DeVinney treats Mindlance as she did her previous employer.  (See Compl. ¶¶ 11-12, 28.)  Because it rained yesterday does not mean it will rain tomorrow, and there simply are no facts pleaded to demonstrate that DeVinney has violated her obligations to maintain confidentiality and avoid competition with Mindlance.[5]  The harm pleaded in this case is the archetypical "theoretical" harm that the Third Circuit has long discredited as a basis for preliminary relief.  See, e.g., A.L.K. Corp. v. Columbia Pictures Indus., Inc., 440 F.2d 761, 764 (3d Cir. 1971).

---

[5] Mindlance's opposition brief introduces a litany of new "facts," which are utilized by Mindlance in support of its argument that the Complaint states plausible claims.  (See Opp. Br. at 23-31.)  These facts are not pleaded in the Complaint, and cannot be used to defeat a motion to dismiss.  An affidavit submitted in opposition to such a motion cannot be used to allege facts that should otherwise be pleaded in the Complaint.

Count One will be dismissed.

The "attorney's fees" and unjust enrichment claims fail for substantially similar reasons. As to the latter, New Jersey law requires that a plaintiff alleging unjust enrichment must plead "both that the defendant received a benefit and that retention of that benefit . . . would be unjust." DiCarlo v. St. Mary Hosp., 530 F.3d 255, 268 (3d Cir. 2008) (quoting Cameco, Inc. v. Gedicke, 690 A.2d 1051, 1059 (N.J. Sup. Ct. App. Div. 1997)). Here, with no facts pleaded to demonstrate that DeVinney has breached or violated anything, the Court cannot plausibly conclude that it will be unjust if she keeps her salary or bonuses. As to the former, because there are no allegations that the contracts containing the attorneys' fees provisions have been breached, *a fortiori* no attorneys' fees could be rewarded to Mindlance pursuant to those agreements. Count Two and Count Three do no plead plausible claims for relief, and will be dismissed.

In sum, all three causes of action fail to state a claim upon which relief can be granted, and each will be dismissed. Contemporary pleading standards require plaintiffs to plead facts sufficient to show relief is more than speculative, see Twombly, 550 U.S. at 555, and the instant Complaint fails at that task. The dismissal, however, will be without prejudice; the Third Circuit instructs that "where a complaint is vulnerable to a 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile" Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Mindlance shall have thirty (30) days from the entry of this Opinion and the accompanying Order to file an Amended Complaint.

### III. Conclusion

For the foregoing reasons, the Court will grant Defendant's motion to dismiss. [Docket Entry 18.] The Complaint will be dismissed without prejudice. Plaintiff shall have thirty (30)

days to file an Amended Complaint.  An appropriate Order will be filed herewith.

      s/ Stanley R. Chesler  
STANLEY R. CHESLER  
United States District Judge

Dated: April 21st, 2014